IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GREGORY HAGMANN,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-1794-L** |
| § | |
| **DEUTSCHE BANK NATIONAL** § | |
| **TRUST COMPANY,** § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Deutsche Bank National Trust Company's ("Defendant" or "Deutsche Bank") Motion to Dismiss Plaintiff's Petition ("Motion") (Doc. 3), filed July 19, 2024. Plaintiff did not file a response to the Motion. Having considered Defendant's Motion, the pleadings, record, and applicable law, the court, for the reasons herein stated, **grants** Defendant's Motion to Dismiss and **dismisses with prejudice** this action.

**I.     Background**

On July 1, 2023, Plaintiff Gregory Hagmann ("Plaintiff" or "Mr. Hagmann") filed an Emergency Original Petition to Stay Foreclosure ("Petition") (Doc. 1-3) in the 191st Judicial District Court of Dallas County, Texas, and Defendant filed its Notice of Removal (Doc. 1) to remove this action to federal court on July 12, 2024, pursuant to diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff filed this action against Defendant and seeks injunctive relief enjoining Deutsche Bank from foreclosing on his home. Doc. 1-3 at 1.

Mr. Hagmann executed a deed of trust against the real property located in Richardson, Texas (the "Property"), which secured a promissory note and debt owed to Deutsche Bank. *Id.* at 3. Plaintiff contends that even though he complied with all terms and provisions of the

promissory note and deed of trust, Defendant is attempting to foreclose on the Property. *Id.* The foreclosure was stayed as a result of this action, and Plaintiff remains in possession of the Property. Doc. 1 at 2.

## II.     Legal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intell. & Coordination Unit,* 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). A pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the plausibility test when a plaintiff pleads sufficient factual content that permits the court to make the reasonable inference that a defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812,

**Memorandum Opinion and Order – Page 3**

820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)  (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

**Memorandum Opinion and Order – Page 4**

### III. Analysis

Defendant contends that Plaintiff wholly fails to plead a single substantive cause of action. Doc. 3 at 3. It contends that Plaintiff only requests injunctive relief, which fails as a matter of law and requires this lawsuit to be dismissed. *Id.* at 4. Further, it argues that under Texas law, "a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Id.* at 4 (citing *Cook v. Wells Fargo Bank, N.A.,* No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, C.J.) (citation omitted). Moreover, Defendant contends that a plaintiff cannot maintain a claim for injunctive relief where no underlying cause of action exists. *Id.* (citing *Pierson v. Reverse Mortg. Solutions Inc.,* No. 3:21-cv-3146-S-BN, 2022 WL 2836793, at *4 (N.D. Tex. 2022) (citation omitted). Finally, it argues that because Plaintiff failed to plead a cause of action, the case should be dismissed with prejudice.

The court agrees with Defendant and finds that the analysis of both Judge Fitzwater and Magistrate Judge Horan is persuasive. *See Pierson*, 2022 WL 2836793, at *4; *Cook*, 2010 WL 2772445, at *4. Injunctive relief is an equitable remedy, not a stand-alone cause of action. *Van Der Linden v. Khan*, 535 S.W.3d 179, 203 (Tex. App.—Fort Worth 2017, pet denied); *see also Thomas v. EMC Mortg. Corp.,* 499 F. App'x 337, 343 n.15 (5th Cir. 2012) (holding that "a request for injunctive relief absent an underlying cause of action is fatally defective.") (citing *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002)). In viewing the well-pleaded facts in the light most favorable to Plaintiff, it is clear that he has not stated an independent cause of action and has not pleaded facts sufficient to overcome a motion to dismiss.

## IV.    Conclusion

For the reasons stated herein, the court finds that Plaintiff's Complaint fails to satisfy the pleading requirements outlined in Rule 8 and 12(b)(6). Therefore, the court **grants** Defendant's Motion and **dismisses with prejudice** this action. The court will issue a judgment by a separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 26th day of November, 2024.

Sam A. Lindsay
United States District Judge